UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA　　　　*
　　　　　　　　　　　　　　　　*
v.　　　　　　　　　　　　　　　*　　　Criminal Number 09-144-P-H
　　　　　　　　　　　　　　　　*
JAMES RAYMOND　　　　　　　　　 *


DEFENDANT'S MOTION IN LIMINE
REGARDING TESTIMONY FROM KENNETH LANNING

NOW COMES the Defendant, by and through counsel, and pursuant to Fed. R. Evid. 104 respectfully moves this Honorable Court in limine for the exclusion of purported expert testimony at trial. In support of this motion the Defendant offers the following:

**Facts**

The defendant is charged herein with Transportation of Minor with Intent to Engage in Criminal Sexual Activity in violation of 18 U.S.C. §2423(a). The Government alleges that James Raymond:

> "knowingly transported Jane Doe, a minor under the age of 18 in interstate commerce from Maine to New Hampshire and from New Hampshire to Maine with the intent that Jane doe engage in sexual activity for which any person can be charged with a criminal offense, specifically Felonious Sexual Assault, a criminal offense under Section 632-A:3(III) of the New Hampshire Revised Statutes, and Unlawful Sexual Touching, a criminal offense under Title 17-A, Section 260(1)© and (F) of the Maine Revised statutes.

The Government, by way of notice dated January 11, 2010, reveals an intention to elicit testimony from Kenneth V. Lanning. A copy of such notice is attached and incorporated herein as exhibit 1.[1]

---

[1] A Motion for Discovery, filed contemporaneously with this motion, requests from the Government a more clear written summary of Mr. Lanning's proffered testimony under Fed.R.Crim.P. 16(a)(1)(G). Further argument may be offered on the issues presented herein at such time as the defendant knows the precise contours of Mr. Lanning's proffered testimony.

A.  The proffered testimony should be barred under F.R.Evid. 702.

Under Fed. R. Evid. 702 Daubert v. Merrill Dow Pharmaceuticals, Inc., 113 S.Ct. 2786 (1993) and Kumho Tire Co. v. Carmichael, 119 S.Ct. 1167 (1999) the trial court acts as gatekeeper in determining the reliability of testimony based on scientific, technical or other specialized knowledge. There are four general factors that the Court as gatekeeper of such evidence should consider:

1. Whether the evidence can be or has been empirically tested;

2. Whether the method, theory or technique has been the subject of peer review or publication;

3. If the evidence at issue involves a scientific technique rather than a scientific theory, is there a known or potential rate of error; and

4. Whether there is "general acceptance" within the relevant scientific community;

That Mr. Lanning's testimony has been admitted at other criminal trials is far from the end of this Court's inquiry.[2] Here, the Government's burden is to satisfy this Court under the Daubert/Kumbo standards that this precisely proffered testimony, as it relates to the precise facts of this proceeding, constitutes the type of expert testimony which is admissible under Rule 702.

B.  The proffered testimony should be barred under F.R.Evid. 704(b).

---

[2]And indeed, Mr. Lanning has not enjoyed approval from all reviewing courts as to the wisdom of admitting his testimony.  see e.g. *United States v. Forrest*, 429 F.3d 73, 81 (4th Cir. 2005) (where the Court found "[t]he admission of [Lanning's] testimony troublesome.")

F.R.Evid.704(b) provides that:

> No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

Rule 704 will apply to all instances in which expert testimony is offered to a mental state or condition constituting an element of the crime charged or defense thereto, *see United States v. Windfelder*, 790, F.2d 576, 580 (7th Cir. 1986) And even under the broad scope of permissible "modus operandi" testimony, there is "'a line that expert witnesses may not cross.'" *United States v. Boyd*, 312 U.S. App. D.C. 102, 55 F.3d 667, 671 (D.C. Cir. 1995) That line is further explored in *United States v. Watson*, 260 F.3d 301 (3rd Cir. 2001):

> Rule 704(b) may be violated when the prosecutor's question is plainly designed to elicit the expert's testimony about the mental state of the defendant, **Boyd, 55 F.3d at 672**, or when the expert triggers the application of **Rule 704(b)** by directly referring to the defendant's intent, mental state, or mens rea, **United States v. Lipscomb, 14 F.3d 1236, 1240 (7th Cir. 1994)**. **Rule 704** prohibits "testimony from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite mens rea." **Bennett, 161 F.3d at 182** (quoting **Morales, 108 F.3d at 1037**).

Here, the Defendant shall request that this Court look critically at the evidence as it is ultimately proffered by the Government with an eye towards F.R.Evid. 704(b).

C.  <u>The proffered evidence is inadmissible under Fed. R. Evid. 403.</u>

Rule 403 of the Federal Rules of Evidence permits the trial court to exclude otherwise admissible evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *F.R.Evid.*

*403.*

([W]hen Rule 403 confers discretion by providing that evidence 'may' be excluded, the discretionary judgment may be informed not only by assessing an evidentiary item's twin tendencies, but by placing the result of that assessment alongside similar assessments of evidentiary alternatives."); Fed. R. Evid. 403 advisory committee's note.

WHEREFORE, the Defendant respectfully requests that this Honorable Court carefully scrutinize this proffered evidence and after hearing rule it inadmissable under F.R.Evid. 702, F.R.Evid. 704(b), and/or F.R.Evid. 403.

DATED: February 16, 2010

/s/ Richard L. Hartley
Richard L. Hartley, Esq.
Law Office of Richard Hartley
Counsel for the Defendant

15 Columbia Street - Ste. 301
Bangor, ME 04401
(207) 941-0999

CERTIFICATE OF SERVICE

    I, Richard L. Hartley, Esq., hereby certify that due service of the foregoing Motion in Limine has been made on the Office of the United States Attorney, by electronically forwarding a copy of the same to Craig M. Wolff, Assistant United States Attorney, on this 16th day of February, 2010.

                                        /s/ Richard L. Hartley
                                        Richard L. Hartley, Esq.

pc:    client